ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 0 4 2020

JAMES N. HATTEN, Clerk
By: *yoy*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| DARRELL THOMAS, ANDRE LEE GAINES, KAHLIL GIBRAN GREEN SR. A/K/A KHALIL GREEN, BERN BENOIT A/K/A BURN BENOIT, AND CARLA JACKSON | No.   1:20CR 296 |

THE GRAND JURY CHARGES THAT:

**Background**

At times relevant to this Indictment:

*The Defendants*

1.    DARRELL THOMAS ("THOMAS") was an individual residing in the state of Georgia who claimed ownership, and is the Chief Financial Officer, of Bellator Phront Group Inc., a Georgia corporation.  As of May 21, 2020, THOMAS claimed to be the Chief Executive Officer, Secretary, and registered agent of Elite Executive Services Inc., a Georgia corporation.

2.    ANDRE LEE GAINES ("GAINES") was an individual residing in the State of Georgia who claimed sole ownership of Gaines Reservation and Travel LLC, a Georgia corporation.

3.     KAHLIL GIBRAN GREEN SR. A/K/A KHALIL GREEN ("GREEN") was an individual residing in the state of Ohio who claimed sole ownership of Impact Creations LLC, an Ohio corporation.

4.     BERN BENOIT A/K/A BURN BENOIT ("BENOIT") was an individual residing in the state of California who claimed sole ownership of Transportation Management Services Inc., a Minnesota corporation.

5.     CARLA JACKSON ("JACKSON") was an individual residing in the state of Georgia who claimed sole ownership of Management Resource Services Inc., a Georgia Corporation.

*The Small Business Administration*

6.     The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.  The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

7.     As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders.  These loans had government-backed guarantees.

*The Paycheck Protection Program*

8.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 and was designed to provide

2

emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

9.     One source of relief that the CARES Act provided for was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP").  In April 2020, Congress authorized up to $310 billion in additional PPP funding.

10.     The PPP allowed qualifying small businesses and other organizations to receive PPP loans.  Businesses must use PPP loan proceeds for payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds for payroll expenses.

11.     The amount of a PPP loan that a small business may have been entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

12.     In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its (a) average monthly payroll

expenses and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

13.     The SBA oversaw the PPP.  However, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

### Relevant Financial Institutions and Affiliates

14.     Financial Institution 1 was a Federal Deposit Insurance Corporation ("FDIC") insured financial institution headquartered in Fort Lee, New Jersey. Financial Institution 1 participated in the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

15.     Financial Institution 2 was a FDIC-insured financial institution headquartered in Salt Lake City, Utah.  Financial Institution 2 participated in the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

16.     Financial Institution 3 was a non-bank financial institution headquartered in Laguna Hills, California.  Financial Institution 3 participated in

4

the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

17.     Company 1 was a publicly traded company that specialized in small-business lending.  Company 1 was based in Redwood City, California. Company 1 participated in the SBA's PPP by, among other things, acting as a service provider between small businesses and certain banks, including Financial Institution 1 and Financial Institution 2.  Small businesses seeking PPP loans could apply through Company 1 for PPP loans.  Company 1 would review the loan applications.  If a loan application received by Company 1 was approved for funding, a partner bank, such as Financial Institution 1 or Financial Institution 2, disbursed the loan funds to the applicant.

18.     Bank 1 was a FDIC-insured financial institution based in New York, New York with branches throughout the United States.

19.     Bank 2 was a FDIC-insured financial institution based in Cincinnati, Ohio with branches throughout the United States.

20.     Bank 3 was a FDIC-insured financial institution based in Pittsburgh, Pennsylvania with branches throughout the United States.

21.     Bank 4 was a FDIC-insured financial institution based in Charlotte, North Carolina with branches throughout the United States.

22.     Bank 5 was a FDIC-insured financial institution based in San Francisco, California with branches throughout the United States.

*The Fraudulent PPP Loan Applications and Supporting Documentation*

23.    On or about the dates listed below, THOMAS, GAINES, GREEN, and BENOIT each submitted, or assisted in the submission of, a PPP loan application for their respective business, and THOMAS submitted a PPP loan application for Lee Operations LLC, to a lender approved by the SBA to issue PPP loans.

| Defendant/ Business | Date Signed (on or about) | Average Monthly Payroll | Number of Employees | Purpose of the PPP Loan | Lender |
|---|---|---|---|---|---|
| THOMAS/ Bellator Phront Group Inc. | April 21, 2020 | $319,982.14 | 66 | Payroll Lease/Mortgage Interest | Financial Institution 3 |
| GAINES/ Gaines Reservation and Travel LLC | May 18, 2020 | $322,684 | 69 | Payroll Lease/Mortgage Interest | Financial Institution 1 |
| GREEN/ Impact Creations LLC | May 17, 2020 | $332,000 | 67 | Payroll Lease/Mortgage Interest Utilities | Financial Institution 1 |
| THOMAS/ Lee Operations LLC | May 20, 2020 | $322,325.20 | 63 | Payroll Lease/Mortgage Interest Utilities | Financial Institution 2 |
| BENOIT/ Transportation Management Services Inc. | May 20, 2020 | $332,167 | 66 | Payroll Lease/Mortgage Interest Utilities | Financial Institution 1 |

24.    THOMAS, GAINES, GREEN, and BENOIT each electronically signed, or authorized another individual to electronically sign, their respective PPP Borrower Application Form on or about the dates listed above.

25.    THOMAS completed the Borrower Application Form for Lee Operations LLC using the personal and business information of an individual named E.L. and Lee Operations LLC, respectively.  THOMAS used E.L.'s

electronic signature on or about the date listed above when submitting the PPP loan application for Lee Operations LLC.

26.    In addition, the loan applications contained the respective initials of each Defendant, and THOMAS added E.L.'s initials, to certify each of the following representations:

>   a.    The Applicant business was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC;
>
>   b.    The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and
>
>   c.    The information provided in the application and the information provided in all supporting documents and forms is true and accurate in all material respects.

27.    THOMAS, GAINES, GREEN, and BENOIT each submitted, or assisted in the submission of, falsified IRS Form 941s for each quarter of 2019 included with their respective businesses' and with Lee Operations LLC's PPP loan applications.  Specifically, with the exception of Bellator Phront Group Inc.'s submission for the third quarter of 2019, the Form 941s submitted on behalf of the Defendants' companies and on behalf of Lee Operations LLC listed the exact same number of employees and the exact same compensation paid for every quarter of 2019:

| Business | Q1 2019<br>Jan – Mar | Q2 2019<br>Apr – Jun | Q3 2019<br>Jul – Sep | Q4 2019<br>Oct – Dec |
|---|---|---|---|---|
| Bellator Phront Group Inc. | 57 employees<br>$815,954.00 | 59 employees<br>$865,954.00 | 61 employees<br>$895,923.00 | 63 employees<br>$905,132.00 |
| Gaines Reservation and Travel LLC | 57 employees<br>$815,954.00 | 59 employees<br>$865,954.00 | 63 employees<br>$905,132.00 | 63 employees<br>$905,132.00 |
| Impact Creations LLC | 57 employees<br>$815,954.00 | 59 employees<br>$865,954.00 | 63 employees<br>$905,132.00 | 63 employees<br>$905,132.00 |
| Lee Operations LLC | 57 employees<br>$815,954.00 | 59 employees<br>$865,954.00 | 63 employees<br>$905,132.00 | 63 employees<br>$905,132.00 |
| Transportation Management Services Inc. | 57 employees<br>$815,954.00 | 59 employees<br>$865,954.00 | 63 employees<br>$905,132.00 | 63 employees<br>$905,132.00 |

28.     Each PPP Borrower Application Form, with the exception of the application for Bellator Phront Group Inc., also contained a falsified bank statement.  Specifically:

a.     The applications for GAINES's, GREEN's, and BENOIT's businesses included substantially identical falsified bank statements purporting to show Impact Creations LLC's, Gaines Reservation and Travel LLC's, and Transportation Management Services, Inc.'s respective balances at Bank 1 for February 2020.  In fact, the Bank 1 accounts for Impact Creations LLC and Transportation Management Services, Inc. were not opened until April 2020, and the Bank 1 account

statement for Gaines Reservation and Travel LLC for February 2020 was materially different from the falsified statement submitted with the loan application for Gaines Reservation and Travel LLC.

b.    THOMAS submitted a falsified bank statement purporting to show Lee Operations LLC's balance at Bank 2 for February 2020. In fact, the Bank 2 account statement for Lee Operations LLC for February 2020 was materially different from the falsified statement that THOMAS submitted.

*PPP Loan Funding and Transfers of Money*

29.    Based on the fraudulent and false representations and submissions made by THOMAS, GAINES, GREEN, and BENOIT, the PPP lenders that received the applications — Financial Institution 1, Financial Institution 2, and Financial Institution 3 — funded the PPP loans as follows:

a.    On or about May 19, 2020, approximately $799,955.35 in PPP loan funds was distributed by Financial Institution 3 to Bellator Phront Group Inc.

b.    On or about May 19, 2020, approximately $830,000 in PPP loan funds was distributed by Financial Institution 1, through Company 1, to Impact Creations LLC.

c.    On or about May 18, 2020, approximately $806,710 in PPP loan funds was distributed by Financial Institution 1, through Company 1, to Gaines Reservation and Travel LLC.

9

    d.      On or about May 21, 2020, approximately $830,417 in PPP loan funds was distributed by Financial Institution 1, through Company 1, to Transportation Management Services Inc.

    e.      On or about May 21, 2020, approximately $805,813 in PPP loan funds was distributed by Financial Institution 2, through Company 1, to Lee Operations LLC.

30.    After the PPP loans were deposited in their businesses' accounts and in Lee Operations LLC's account, THOMAS, GAINES, GREEN, and BENOIT transferred or directed the transfer of some of the PPP proceeds to other individuals and entities known and unknown to the Grand Jury, including Elite Executive Services, Inc., Bellator Phront Group Inc., and Management Resource Services, Inc., in an effort to conceal and disguise the ownership and control of the fraudulent loan proceeds.

### Count One
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendants THOMAS and GAINES)

31.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of this Indictment as if fully set forth herein.

32.    From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and

ANDRE LEE GAINES,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to:

(a)    execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain money, funds, and credits owned by and under the custody and control of the aforementioned financial institution by means of materially false and fraudulent pretenses, representations, and promises and by the omission of material facts, in violation of Title 18, United States Code, Section 1344; and

(b)    devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

**Manner and Means**

33.     THOMAS and GAINES, together with others known and unknown to
the Grand Jury, conspired to submit false materials, such as a false PPP loan
application, false IRS Form 941s, and a false bank account statement, to a
financial institution to obtain PPP loan funding.

34.     Throughout the conspiracy, THOMAS and GAINES submitted false
documents to a lender when applying for a PPP loan, including a fabricated bank
statement listing inflated account balances and non-existent transactions,
fabricated IRS Form 941s listing falsified payroll information, and false loan
application documentation that listed false payroll information, false
employment information, and false purposes for the loan funding.

35.     As a result of and based on THOMAS's and GAINES's false
representations and certifications and falsified supporting documents, a federally
insured lender issued an $806,710 PPP loan to Gaines Reservation and Travel
LLC.

All in violation of Title 18, United States Code, Section 1349.

**Count Two**
*Bank Fraud* – 18 U.S.C. § 1344 and § 2
(Defendants THOMAS and GAINES)

36.     The Grand Jury re-alleges and incorporates by reference the factual
allegations contained in paragraphs 1 through 30 and 33 through 35 of this
Indictment as if fully set forth herein.

12

37.     On or about May 18, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and
ANDRE LEE GAINES,

aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 1, the deposits of which were each then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 1.

**Execution of the Bank Fraud Scheme**

38.     On or about May 18, 2020, in the Northern District of Georgia and elsewhere, Defendants THOMAS and GAINES, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s and a false bank statement for Gaines Reservation and Travel LLC to be transmitted to Financial Institution 1 and making false representations and certifications to Financial Institution 1 regarding Gaines Reservation and Travel LLC's payroll costs and the purpose of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## Count Three
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants THOMAS and GAINES)

39.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30, 33 through 35, and 38 of this Indictment as if fully set forth herein.

40.     On or about May 18, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and
ANDRE LEE GAINES,

aided and abetted by each other and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Gaines Reservation and Travel LLC's payroll obligations and the purpose of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count Four
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendants THOMAS and GREEN)

41.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of this Indictment as if fully set forth herein.

42.     From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and
KAHLIL GIBRAN GREEN SR.,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to:

(a)     execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain money, funds, and credits owned by and under the custody and control of the aforementioned financial institution by means of materially false and fraudulent pretenses, representations, and promises and by the omission of material facts, in violation of Title 18, United States Code, Section 1344; and

(b)     devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the

15

omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Manner and Means

43.     THOMAS and GREEN, together with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s, and a false bank account statement, to a financial institution to obtain PPP loan funding.

44.     Throughout the conspiracy, THOMAS and GREEN submitted false documents to a lender when applying for a PPP loan, including a fabricated bank statement listing inflated account balances and non-existent transactions, fabricated IRS Form 941s listing falsified payroll information, and false loan application documentation that listed false payroll information, false employment information, false purposes for the loan funding, and false criminal history information for GREEN.

45.     As a result of and based on THOMAS's and GREEN's false representations and certifications and falsified supporting documents, a federally insured lender issued an $830,000 PPP loan to Impact Creations LLC.

All in violation of Title 18, United States Code, Section 1349.

16

## Count Five
*Bank Fraud* – 18 U.S.C. § 1344 and § 2
(Defendants THOMAS and GREEN)

46.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 and 43 through 45 of this Indictment as if fully set forth herein.

47.    On or about May 17, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and<br>
KAHLIL GIBRAN GREEN SR.,

aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 1, the deposits of which were each then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 1.

### Execution of the Bank Fraud Scheme

48.    On or about May 17, 2020, in the Northern District of Georgia and elsewhere, Defendants THOMAS and GREEN, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS Form 941s and a false bank statement for Impact Creations LLC to be transmitted to Financial Institution 1 and making false representations and certifications to

17

Financial Institution 1 regarding Impact Creations LLC's payroll costs, the purpose of the applied-for PPP loan, and GREEN's criminal history. All in violation of Title 18, United States Code, Section 1344 and Section 2.

**Count Six**
*Wire Fraud – 18 U.S.C. § 1343 and § 2*
(Defendants THOMAS and GREEN)

49.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30, 43 through 45, and 48 of this Indictment as if fully set forth herein.

50.    On or about May 17, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and
KAHLIL GIBRAN GREEN SR.,

aided and abetted by each other and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Impact Creations LLC's payroll obligations, the purpose of the applied-for PPP loan, and GREEN's criminal history, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count Seven
*Conspiracy to Commit Bank Fraud and Wire Fraud* – 18 U.S.C. § 1349
(Defendants THOMAS and BENOIT)

51.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of this Indictment as if fully set forth herein.

52.    From in or about April 2020 through in or about May 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and
BERN BENOIT,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to:

(a)    execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the FDIC, and to obtain money, funds, and credits owned by and under the custody and control of the aforementioned financial institution by means of materially false and fraudulent pretenses, representations, and promises and by the omission of material facts, in violation of Title 18, United States Code, Section 1344; and

(b)    devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and

19

fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

53.    THOMAS and BENOIT, together with others known and unknown to the Grand Jury, conspired to submit false materials, such as a false PPP loan application, false IRS Form 941s, and a false bank account statement, to a financial institution to obtain PPP loan funding.

54.    Throughout the conspiracy, THOMAS and BENOIT submitted false documents to a lender when applying for a PPP loan, including a fabricated bank statement listing inflated account balances and non-existent transactions, fabricated IRS Form 941s listing falsified payroll information, and false loan application documentation that listed false payroll information, false employment information, and false purposes for the loan funding.

55.    As a result of and based on THOMAS's and BENOIT's false representations and certifications and falsified supporting documents, a federally insured lender issued an $830,417 PPP loan to Transportation Management Services Inc.

All in violation of Title 18, United States Code, Section 1349.

### Count Eight
*Bank Fraud – 18 U.S.C. § 1344 and § 2*
(Defendants THOMAS and BENOIT)

56.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 and 53 through 55 of this Indictment as if fully set forth herein.

57.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and
BERN BENOIT,

aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 1, the deposits of which were each then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 1.

#### Execution of the Bank Fraud Scheme

58.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, Defendants THOMAS and BENOIT, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the above-described scheme to defraud by causing false IRS

Form 941s and a false bank statement for Transportation Management Services Inc. to be transmitted to Financial Institution 1 and making false representations and certifications to Financial Institution 1 regarding Transportation Management Services Inc.'s payroll costs and the purpose of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## Count Nine
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendants THOMAS and BENOIT)

59.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30, 53 through 55, and 58 of this Indictment as if fully set forth herein.

60.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendants,

DARRELL THOMAS and
BERN BENOIT,

aided and abetted by each other and by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Transportation Management Services Inc.'s payroll

obligations and the purpose of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement. All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count Ten
*Bank Fraud* – 18 U.S.C. § 1344 and § 2
(Defendant THOMAS)

61.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of this Indictment as if fully set forth herein.

62.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

DARRELL THOMAS,

aided and abetted by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Financial Institution 2, the deposits of which were each then insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Financial Institution 2.

## Execution of the Bank Fraud Scheme

63.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, Defendant THOMAS, aided and abetted by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute the

23

above-described scheme to defraud by causing false IRS Form 941s and a false bank statement for Lee Operations LLC to be transmitted to Financial Institution 2 and making false representations and certifications to Financial Institution 2 regarding Lee Operations LLC's payroll costs and the purpose of the applied-for PPP loan.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### Count Eleven
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendant THOMAS)

64.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 and 63 of this Indictment as if fully set forth herein.

65.     On or about May 20, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

DARRELL THOMAS,

aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

24

66.    On or about May 20, 2020, in the Northern District of Georgia and elsewhere, Defendant THOMAS, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Lee Operations LLC's payroll obligations and the purpose of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019 and a falsified bank statement.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count Twelve**
*Wire Fraud* – 18 U.S.C. § 1343 and § 2
(Defendant THOMAS)

67.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of this Indictment as if fully set forth herein.

68.    On or about April 21, 2020, in the Northern District of Georgia and elsewhere, the Defendant,

DARRELL THOMAS,

aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain

money by means of materially false and fraudulent pretenses, representations, promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

69.    On or about April 21, 2020, in the Northern District of Georgia and elsewhere, Defendant THOMAS, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, a PPP Borrower Application Form containing false information related to Bellator Phront Group Inc.'s payroll obligations and the purpose of the applied-for PPP loan, and attaching falsified tax documentation for each quarter of 2019.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Counts Thirteen Through Sixteen**
*False Statement to a Federally Insured Bank* – 18 U.S.C. § 1014 and § 2
(Defendants THOMAS, GAINES, GREEN, and BENOIT)

70.    The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30, 33 through 35, 38, 43 through 45, 48, 53 through 55, 58, 63, and 66 of this Indictment as if fully set forth herein.

71.    From in or about April 2020 through in or about June 2020, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendants identified below, aided and abetted by each other and by others known and unknown to the Grand Jury, knowingly made a false statement for the purpose of influencing the actions of Financial Institution 1 and Financial Institution 2, financial institutions the accounts of which were insured by the FDIC, in connection with PPP loan applications by Impact Creations LLC, Gaines Reservation and Travel LLC, Lee Operations LLC, and Transportation Management, Inc., in that the Defendants did the following:

| Count | Defendant(s) | Date (on or about) | False Statements |
|---|---|---|---|
| 13 | THOMAS | May 20, 2020 | THOMAS signed and initialed a PPP Borrower Application Form using the name E.L. and certifying that (a) Lee Operations LLC was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms is true and accurate in all material respects, when in truth and in fact, as the Defendant well knew, (a) Lee Operations LLC did not have employees for whom it paid salaries and taxes or paid independent contractors as of February 15, 2020; (b) the funds would not be used to retain workers and maintain payroll or to make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms was not true and accurate in all material respects, because it included false representations about Lee Operations LLC's number of employees and average monthly payroll, |

| | | | falsified tax documentation, and a falsified bank statement. |
|---|---|---|---|
| 14 | GAINES THOMAS | May 18, 2020 | GAINES and THOMAS, aided and abetted by each other, signed and initialed a PPP Borrower Application Form certifying that (a) Gaines Reservation and Travel LLC was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms is true and accurate in all material respects, when in truth and in fact, as the Defendant well knew, (a) Gaines Reservation and Travel LLC did not have employees for whom it paid salaries and taxes or paid independent contractors as of February 15, 2020; (b) the funds would not be used to retain workers and maintain payroll or to make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms was not true and accurate in all material respects, because it included false representations about Gaines Reservation and Travel LLC's number of employees and average monthly payroll, falsified tax documentation, and a falsified bank statement. |
| 15 | GREEN THOMAS | May 17, 2020 | GREEN and THOMAS, aided and abetted by each other, signed and initialed a PPP Borrower Application Form certifying that (a) Impact Creations LLC was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms is true and accurate in all material respects, when in truth and in fact, as the Defendant well knew, (a) Impact Creations LLC did not have employees for whom it paid salaries and taxes or paid independent contractors as of February 15, 2020; (b) the funds would not be used to retain workers and |

| | | | maintain payroll or to make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms was not true and accurate in all material respects, because it included false representations about Impact Creations LLC's number of employees and average monthly payroll, falsified tax documentation, and a falsified bank statement. |
|---|---|---|---|
| 16 | BENOIT THOMAS | May 20, 2020 | BENOIT and THOMAS, aided and abetted by each other, signed and initialed a PPP Borrower Application Form certifying that (a) Transportation Management Services Inc. was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors; (b) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms is true and accurate in all material respects, when in truth and in fact, as the Defendant well knew, (a) Transportation Management Services Inc. did not have employees for whom it paid salaries and taxes or paid independent contractors as of February 15, 2020; (b) the funds would not be used to retain workers and maintain payroll or to make mortgage interest payments, lease payments, and utility payments; and (c) the information provided in the application and the information provided in all supporting documents and forms was not true and accurate in all material respects, because it included false representations about Transportation Management Services Inc.'s number of employees and average monthly payroll, falsified tax documentation, and a falsified bank statement. |

All in violation of Title 18, United States Code, Section 1014 and Section 2.

**Counts Seventeen through Twenty-Eight**
*Money Laundering* – 18 U.S.C. § 1956 and § 2
(Defendants THOMAS, GAINES, GREEN, BENOIT, and JACKSON)

72.     The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30, 33 through 35, 38, 43 through 45, 48, 53 through 55, 58, 63, 66, and 69 of this Indictment as if fully set forth herein.

73.     From in or about May 2020 through in or about June 2020, in the Northern District of Georgia and elsewhere, the Defendants identified below, aided and abetted by each other and by others known and unknown to the Grand Jury, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Defendant(s) | Date (on or about) | Description of Transaction |
|---|---|---|---|
| 17 | THOMAS | June 8, 2020 | Approximately $100,000 wire from Bank 1 account ending in 4823, held in the name of Elite Executive Services Inc., to Bank 4 account ending in 8102, held in the name of Bellator Phront Group Inc. |

| 18 | GAINES THOMAS | May 29, 2020 | Approximately $93,785 check withdrawn from Bank 1 account ending in 6500, held in the name of Gaines Reservation and Travel LLC, and deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
|----|----|----|----|
| 19 | GAINES THOMAS | June 16, 2020 | Approximately $169,998.72 check withdrawn from Bank 1 account ending in 6500, held in the name of Gaines Reservation and Travel LLC, and deposited into Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
| 20 | GREEN THOMAS | May 21, 2020 | Approximately 163,415.37 check withdrawn from Bank 1 account ending in 2292, held in the name of Impact Creations LLC, and deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
| 21 | GREEN THOMAS | June 5, 2020 | Approximately $212,078.10 check withdrawn from Bank 1 account ending in 2292, held in the name of Impact Creations LLC, and deposited into Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
| 22 | GREEN THOMAS | June 15, 2020 | Approximately $169,998.72 wire from Bank 1 account ending in 2292, held in the name of Impact Creations LLC, to Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
| 23 | THOMAS | May 21, 2020 | Approximately $803,775.89 wire from Bank 2 account ending in 5085, held in the name of Lee Operations LLC, to Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
| 24 | BENOIT THOMAS | May 29, 2020 | Approximately $185,000 check withdrawn from Bank 1 account ending in 6415, held in the name of Transportation Management Services Inc., and deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
| 25 | BENOIT THOMAS | June 15, 2020 | Approximately $100,000 check withdrawn from Bank 1 account ending in 6415, held in the name of Transportation Management Services Inc., and deposited into Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc. |
| 26 | BENOIT THOMAS | June 15, 2020 | Approximately $169,998.72 wire from Bank 1 account ending in 6415, held in the name of Transportation Management Services Inc., to Bank 4 account ending in 4823, held in the name of Elite Executive Services Inc. |
| 27 | GAINES JACKSON | June 8, 2020 | Approximately $155,252.50 wire from Bank 1 account ending in 6500, held in the name of Gaines Reservation |

| | | | and Travel LLC, to Bank 5 account ending in 1207, held in the name of Management Resource Services Inc. |
|---|---|---|---|
| 28 | GAINES JACKSON | June 22, 2020 | Approximately $179,985.72 wire from Bank 3 account ending in 5124, held in the name of Gaines Reservation and Travel LLC, to Bank 5 account ending in 1207, held in the name of Management Resource Services Inc. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

**Counts Twenty-Nine through Thirty**
*Money Laundering* – 18 U.S.C. § 1957
(Defendant THOMAS)

74.      The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 30, 33 through 35, 38, 43 through 45, 48, 53 through 55, 58, 63, 66, and 69 of this Indictment as if fully set forth herein

75.      On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendant,

DARRELL THOMAS,

knowingly engaged in, attempted to engage in, and caused others to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in

32

violation of Title 18, United States Code, Section 1343:

| Count | Date (on or about) | Description of Transaction |
|---|---|---|
| 29 | June 9, 2020 | Defendant THOMAS caused $137,953.00 in PPP loan proceeds to be wire transferred from Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc., to a bank account held in the name of Jakes Motorcars, to purchase a 2018 Mercedes-Benz S-Class vehicle. |
| 30 | June 15, 2020 | Defendant THOMAS caused $126,441.00 in PPP loan proceeds to be wire transferred from Bank 4 account ending in 3940, held in the name of Bellator Phront Group Inc., to a bank account held in the name of CMD, LLC DBA McLaren Charlotte, for the purchase of a 2018 Land Rover Range Rover vehicle. |

All in violation of Title 18, United States Code, Section 1957.

## Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One through Sixteen of this Indictment, the Defendants,

DARRELL THOMAS,
ANDRE LEE GAINES,
KAHLIL GIBRAN GREEN SR., and
BERN BENOIT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of such violation, including but not limited to the following:

(a) MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the Defendant obtained as a result of the offense for which the Defendant is convicted.

33

(b)    FUNDS:

1.    $1,113,113.97 in funds seized from Bank 4 account number XXXXXXXX4823 held in the name of Elite Executive Services, Inc.

2.    $536,875.00 in funds seized from Bank 4 account number XXXXXXXX8102 held in the name of Bellator Phront Group, Inc.

3.    $341,151.47 in funds seized from Bank 4 account number XXXXXXXX3940 held in the name of Bellator Phront Group, LLC.

4.    $295,717.61 in funds seized from Bank 5 account number XXXXXX1207 held in the name of Management Resource Services.

5.    $157,035.71 in funds seized from Bank 1 account number XXXXX2292 held in the name of Impact Creations LLC.

6.    $177,828.46 in funds seized from Bank 1 account number XXXXX6500 held in the name of Gaines Reservation and Travel LLC.

7.    $9,314.28 in funds seized from Bank 3 account number XXXXXX5124 held in the name of Gaines Reservation and Travel LLC.

8.   $431,408.28 in funds seized from Bank 1 account number XXXXX6415 held in the name of Transportation Management Services Inc.

9.   $256.67 in funds seized from Bank 2 account number XXXXXX5085 held in the name of Lee Operations LLC.

10.  $30,025.08 in funds seized from Bank 1 account number XXXXXX9428 held in the name of Bern Benoit.

11.  One 2018 Mercedes-Benz S-Class S65AMG, VIN WDDUG7KB5JA408046.

12.  One 2018 Land Rover Range Rover, VIN SALGW2SE2JA503793.

Upon conviction of one or more of the offenses alleged in Counts Seventeen through Thirty of this Indictment, the Defendants,

DARRELL THOMAS,
ANDRE LEE GAINES,
KAHLIL GIBRAN GREEN SR.,
BERN BENOIT, and
CARLA JACKSON

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense and any property traceable to such property, including but not limited to the following:

(a)    MONEY JUDGMENT: A sum of money in United States currency representing the total amount of money involved in each offense for which the Defendant is convicted.

(b)    FUNDS:

1.    $1,113,113.97 in funds seized from Bank 4 account number XXXXXXXX4823 held in the name of Elite Executive Services, Inc.

2.    $536,875.00 in funds seized from Bank 4 account number XXXXXXXX8102 held in the name of Bellator Phront Group, Inc.

3.    $341,151.47 in funds seized from Bank 4 account number XXXXXXXX3940 held in the name of Bellator Phront Group, LLC.

4.    $295,717.61 in funds seized from Bank 5 account number XXXXXX1207 held in the name of Management Resource Services.

5.    $157,035.71 in fund seized from Bank 1 account number XXXXX2292 held in the name of Impact Creations LLC.

6.    $177,828.46 in funds seized from Bank 1 account number XXXXX6500 held in the name of Gaines Reservation and Travel LLC.

7.    $9,314.28 in funds seized from Bank 3 account number XXXXXX5124 held in the name of Gaines Reservation and Travel LLC.

8.    $431,408.28 in funds seized from Bank 1 account number XXXXX6415 held in the name of Transportation Management Services Inc.

9.    $256.67 in funds seized from Bank 2 account number XXXXXX5085 held in the name of Lee Operations LLC.

10.    $30,025.08 in funds seized from Bank 1 account number XXXXXX9428 held in the name of Bern Benoit.

11.    One 2018 Mercedes-Benz S-Class S65AMG, VIN WDDUG7KB5JA408046.

12.    One 2018 Land Rover Range Rover, VIN SALGW2SE2JA503793.

If, as a result of any act or omission of the Defendants, any property subject to forfeiture:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

37

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property or seek a money judgment against said Defendants for any amount that would constitute the proceeds of such violation.

A ___*True*___ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

*Tal Chaiken*
TAL C. CHAIKEN
  *Assistant United States*
*Attorney* Georgia Bar No. 273949

*Nathan Kitchens*
NATHAN P. KITCHENS
  *Assistant United States Attorney*
Georgia Bar No. 263930

600 U.S. Courthouse
75 Ted Turner Drive SW Atlanta,
GA 30303
404-581-6000; Fax: 404-581-6181

*Robert Zink*

ROBERT ZINK
  *Chief, Fraud Section*
  *U.S. Department of Justice*
D.C. Bar No. 502694

*Siji Moore*

SIJI MOORE
  *Trial Attorney, Fraud Section*
  *U.S. Department of Justice*

D.C. Bar No. 1002557

1400 New York Ave, NW
Bond Building, 11th Floor
Washington, DC 20005

202-514-2000; Fax: 202-514-3708